UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS A. DENNY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-0676-CVE-TLW |
| ) | |
| ILLINOIS NATIONAL INSURANCE CO., ) | |
| a foreign company, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Remand Action to State Court and Initial Brief in Support (Dkt. # 12). Plaintiff Douglas A. Denny originally brought this action in the District Court in and for Tulsa County, State of Oklahoma. Dkt. # 2-1. On October 21, 2010, defendant Illinois National Insurance Co. (Illinois National) removed to this Court based on diversity jurisdiction. Dkt. # 2. Denny now asks the Court to remand this case to the District Court of Tulsa County because the removal effected by Illinois National was untimely.

**I.**

Denny's petition is based on his status as an insured driver with uninsured/underinsured coverage provided by Illinois National, a foreign auto liability insurance company. Dkt. # 2-1, at 1. Plaintiff alleges that he was struck by another vehicle while driving, that defendant has "delayed and refused proper payment to [p]laintiff" following that incident "without reasonable basis," and that its actions "constitute a bad faith failure to honor its obligations under the insurance contract and bad faith breach of that contract." Id. As a result, plaintiff claims that he has suffered physical, emotional, and economic damage, and that he has been deprived of the full benefits due to him under his insurance policy. Id. at 1-2. He states that he is "entitled to recover both actual and punitive damages in excess of the amount required for diversity jurisdiction." Id. at 2.

Plaintiff filed his petition on September 13, 2010. Id. at 1. On September 14, 2010, service was made upon Illinois National by serving the Insurance Commissioner for the State of Oklahoma (Commissioner) by certified mail. Dkt. # 12, at 3. On September 15, 2010, the Insurance Commissioner mailed, by certified mail, a copy of the summons and petition to Corporation Service Company (CSC),[1] Illinois National's appointed agent. The summons and petition were served on CSC by its receipt of them on September 17, 2010. Dkt. # 2, 12-4, 12-5. Illinois National received a copy of the summons and the petition on September 21, 2010. Dkt. # 2-2. Defendant filed its notice of removal on October 21, 2010. Dkt. # 2.

**II.**

Removal to federal court is authorized for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. To exercise the right of removal, a defendant must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

The Supreme Court has interpreted § 1446(b) to require formal service of process upon the defendant before the thirty day period begins to run. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). Courts apply state law governing formal service of process when

---

[1] Plaintiff's motion states that the Commissioner also mailed a copy of the summons and the petition to Illinois National on September 15, 2010. Dkt. # 12, at 3. However, plaintiff's exhibit in support of this statement is a letter addressed to both Illinois National and CSC. Dkt. # 12-2. Neither party has included proof of receipt of the documents from the Commissioner by Illinois National, and it is impossible for the Court to determine when, if ever, they were received.

determining the time period for seeking removal.[2] Id. at 351. "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982)(internal citations omitted). Thus, "[c]ourts must deny . . . jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005)(unpublished)[3]. The strict construction of § 1446(b) applies to "the time for removal, [which] is imperative and mandatory, must be strictly complied with, and is to be narrowly construed." Carroll v. City of Albuquerque, No. CIV 10-0588 JB/ACT, 2010 WL 4339255, at * 4 (D.N.M. Oct. 13, 2010).

### III.

Denny alleges that because defendant's notice of removal was filed more than thirty days after receipt of service by CSC on September 17, 2010, the notice was untimely under 28 U.S.C. § 1446(b).[4] Dkt. # 12, at 4. Illinois National claims that the thirty-day requirement of § 1446(b) is triggered only upon receipt of the pleadings by the named defendant. Dkt. # 14, at 2. Therefore, it claims that it had thirty days from its receipt of the summons and petition on September 21, 2010 to file a notice of removal. Id. at 4.

### A.

---

[2] However, as discussed below, that reliance on state law as to when the removal period begins is abandoned when state law deems service complete prior to receipt of the pleadings.

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

[4] Denny's motion to remand also suggests that Illinois National's receipt of a courtesy copy of the petition by means other than service on September 16, 2010 should constitute notice to the defendant. Dkt. # 12, at 4-5. This fact is legally irrelevant to the removal period following Murphy Bros., 526 U.S. at 356, and plaintiff acknowledges that the observation "was completely unnecessary for [p]laintiff's [m]otion to [r]emand, and, in hindsight, should probably have been omitted . . . ." Dkt. # 17, at 3-4. The Court will not consider any arguments related to receipt by means other than service.

The Court has an independent obligation to satisfy itself as to the existence of jurisdiction. See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079 n.4 (10th Cir. 1999). Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States . . . ." 28 U.S.C. § 1332(a). When a plaintiff brings a case in federal court, the claimed amount is presumed to support diversity jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001)(citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). However, in a removed case, there is no such presumption of accuracy as to the amount claimed. Id. Instead, defendant bears the burden of establishing that the requirements for diversity jurisdiction are present. Id. Where a complaint does not specify the amount of damages requested, the defendant must "establish the jurisdictional amount by a preponderance of the evidence." Id. at 1290.

Denny's petition requests damages "in an amount in excess of the amount required for diversity jurisdiction pursuant to [§ 1332]." Dkt. # 2-1, at 2. Denny does not state a specific amount in his request for damages. However, the Court finds that plaintiff's claim that the jurisdictional amount is in excess of the statutory requirement is sufficient, and defendant need not proffer additional evidence as to the amount at issue. The more stringent standard for defendants normally applied in removed cases is designed to protect the plaintiff's right to choice of forum. Martin, 251 F.3d at 1289. Where, as here, plaintiff readily alleges that the damages it is seeking exceed that required for federal jurisdiction, any "presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court," id., would be misplaced. Thus, Denny's petition states claims in excess of $75,000. The parties are also completely diverse, as plaintiff is a resident of Tulsa County, Oklahoma, and defendant is a foreign corporation with its principal place of

4

business in Chicago, Illinois. Dkt. # 2, at 1-2. Both elements necessary for diversity jurisdiction have been established, and federal jurisdiction is proper.

**B.**

A showing of original jurisdiction does not necessarily mean that the matter is properly removed. As noted, the removal statute requires a notice of removal to be filed no later than thirty days after receipt of service of the initial pleadings. Under Oklahoma law, every foreign insurance company must appoint the Commissioner as its agent to receive service of legal process. OKLA. STAT. tit. 36, § 621(A). Service upon the Commissioner is the only means by which to make service upon a foreign insurer. OKLA. STAT. tit. 36, § 621(B). However, each foreign insurer is also required to file with the Commissioner "designation of the name and address of the person to whom process against it . . . is to be forwarded." OKLA. STAT. tit. 36, § 621(C). "Upon receiving service, the [Commissioner] shall promptly forward a copy thereof by mail with return receipt requested to the person last so designated by the insurer to receive the same." OKLA. STAT. tit. 36, § 622(A). "Process served upon the [Commissioner] and copy thereof forwarded . . . shall constitute service upon the insurer." Id. at § 622(B).

Illinois National is a foreign insurance company doing business in the state of Oklahoma. Thus, a prerequisite for its operations in the state was to appoint the Commissioner as its agent for service of process.[5] In 2003, Illinois National completed the Commissioner's "Form 6 - Change in Designation of Agent for Service of Process" and listed CSC as "[its] [a]gent, to whom service of process is to be forwarded." Dkt. # 12-1. As stated, on September 14, 2010, plaintiff's petition was served on the Commissioner by certified mail. Dkt. # 12, at 3. On September 15, 2010, the

---

[5]     Neither party contests that this appointment was properly effected, and the Court will assume for purposes of this motion that the proper appointment of the Commissioner as service agent was made.

5

Commissioner mailed, by certified mail, a copy of the summons and petition to CSC. The summons and petition were received by CSC on September 17, 2010. Dkt. # 2, 12-4, 12-5. Illinois National received a copy of the summons and the petition on September 21, 2010. Dkt. # 2-2. Defendant filed its notice of removal on October 21, 2010. Dkt. # 2.

Denny properly acknowledges that service upon the Commissioner did not trigger the thirty-day period, as the Commissioner is a statutory agent under § 621.[6] Dkt. # 17, at 1. Instead, Denny argues that the nature of the relationship between CSC and Illinois National was such that service upon the former was equivalent to service upon the latter. Thus, he claims that the thirty-day period in which defendant could file for removal began to run when CSC was served on September 17, 2010, and that the notice of removal filed October 21, 2010 was therefore untimely. Illinois National argues that the thirty-day period did not begin to run until it received service on September 21, 2010, and that its notice of removal was proper.

---

[6] Where service upon a state entity is required by statute, it is well-established that service upon the state does not trigger the removal period under § 1446(b). See, e.g., Calderon v. Pathmark Stores, Inc., 101 F. Supp. 2d 246, 247 (S.D.N.Y. 2000)("where service is made on a statutory agent . . . a defendant's time to remove runs, not from the date of service on the statutory agent, but from the date on which the defendant receives the notice that such service has been made"); 1015 Half St. Corp. v. Warehouse Concepts, Inc., 1999 WL 1212885, at * 1 (D.D.C. Oct. 26, 1999)("[a]lmost every court that has recently addressed the issue has held that when service is effected on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint)(collecting cases); Taphouse v. Home Ins. Co., Inc., 885 F.Supp. 158, 160 (E.D. Mich. 1995)("for purposes of removal pursuant to [§ 1446(b)], only upon actual receipt by the defendant – which would include a privately appointed agent or employee authorized to accept service of process – is defendant deemed in receipt of service of process, and only then does the time limit for removal begin to run"). The Commissioner is a statutory agent under Oklahoma law, and service upon the Commissioner therefore does not trigger the thirty-day removal period of § 1446(b). Rocky Branch Marina, L.L.C. v. N. Assurance Co. of Am., No. 09-CV-15-GKF-TLW, 2009 WL 997016, at * 1 (N.D. Okla. April 14, 2009)("[i]nsofar as Oklahoma statutory law requires foreign insurance companies to appoint Oklahoma's Insurance Commissioner as their agent for service of process, the Commissioner is properly considered a statutory agent").

In contrast to an agent assigned by statute, "[w]here a foreign corporation privately appoints an agent to accept service, the agent acts for the corporation and, under general agency law, the corporation can be held accountable for that agent's actions and knowledge as if they were its own." Taphouse, 885 F.Supp. at 160. For that reason, courts have generally held that the thirty-day removal period begins to run from the date of service on an agent appointed by choice, regardless of when the pleadings were actually received by the named defendant. See McAboy v. IMO Indus., No. C05-1241L, 2005 WL 2898047, at * 2 (W.D. Wash. Oct. 27, 2005); Edling v. IMI Sys., Inc., No. CIV.A. 401CV2817-M, 2002 WL 240135, at * 2 (N.D. Tex. Feb. 15, 2002)(finding, in context of a corporate registered agent, that service upon agent triggered the removal period); see also 29A Fed. Procedure, Lawyers' Edition § 69:86 (2010) ("[a]cceptance of service by an agent, if actually appointed by a defendant to receive service, will constitute receipt by the defendant for purposes of starting the time period [of § 1446(b)] running").

Thus, the question before the Court is how best to classify the relationship between Illinois National and CSC. The parties offer little insight into that relationship.[7] Under OKLA. STAT. tit. 36, § 621(C), foreign insurers are required to have on file with the Commissioner the name and address of "the person to whom process against it served upon the Insurance Commissioner is to be forwarded." This provision does not impose any limits on who the person receiving process may be. The form on which CSC was designated the recipient of service by Illinois National is titled "Change in Designation of Agent for Service of Process" and asks insurers to provide "the name of [its] [a]gent, to whom service of process is to be forwarded." Dkt. # 12-1. Defendant argues that

---

[7]   Plaintiff notes simply that CSC was an "appointed agent" for receipt of service of process. Dkt. # 12, at 3. Likewise, defendant offers only a brief statement that, like the Commissioner, CSC was merely a "fictional agent," and that service upon it cannot be deemed service upon Illinois National. Dkt. # 14, at 3.

a failure to treat CSC as a statutory agent would "ignore[] the spirit and intent of § 1446(b)," and that receipt by the defendant is the only relevant date because the defendant "can make a decision to remove only after examining the complaint." Dkt. # 14, at 3. However, the reason for the difference in treatment of statutory agents in the removal context is the limited relationship courts are willing to acknowledge when a state designates an agent for a defendant. Here, defendant chose to list CSC as its service agent; it was equally at liberty to list anyone else, including an individual in its own office. There is no rational explanation for why defendant should be given an extension on the start time of the removal window because it chose to have CSC receive service on its behalf instead of personally accepting service. See, e.g., Edling, 2002 WL 240135, at * 2 ("Registered agents exist to receive process; they are in the business of receiving legal correspondence. Defendant chose this one. . . . It would be unreasonable, burdensome, and inefficient to provide defendants who designate a registered agent an extension, beyond that given to defendants without a registered agent, on the start time of this strict removal window."). Once Illinois National exercised its ability to designate its own agent, any statutory nature of the agency relationship was eliminated, and an actual agency relationship was created.[8]

"A notification given to an agent is effective as notice to the principal if the agent has actual or apparent authority to receive the notification." Rest. 3d Agency § 5.02 (2006); see also Okla. Alcoholic Beverage Control Bd. v. Parkhill Rests., Inc., 669 P.2d 265, 273 n.25 (Okla. 1983)(noting "established rule that notice to the agent constitutes notice to the principal"). Under that well-established rule, service on Illinois National's agent, CSC, constituted service on Illinois National.

---

[8] According to the Third Restatement of Agency, "[a]gency is the fiduciary relationship that arises when one person (a "principal") manifests assent to another person (an "agent") that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Rest. 3d. Agency § 1.01.

Similar service on an agent has been held to trigger the thirty-day removal period of § 1446(b). See McAboy, 2005 WL 2898047, at * 2 ("[defendant] authorized CT Corporation to be its agent for the purpose of service of process, and as such, its agent's knowledge is generally considered coextensive with its own, and its legal obligations flow accordingly"); see also Crescent City Holdings, LLC v. Scottsdale Ins. Co., No. 08-902, 2008 WL 783592, at * 2 (E.D. La. March 25, 2008)(finding removal proper "because it was filed within 30 days of [receipt by defendant], through service on its registered agent, of a copy of the initial pleading"); McGregor v. Am. Diabetes Ass'n, No. C 07-2820, 2007 WL 2225837, at * 1 (N.D. Cal. July 30, 2007)(same). Thus, the relevant party for purposes of calculating the period of removal is CSC because receipt by CSC is receipt by the defendant.

### C.

The next question is the appropriate date from which to measure the thirty-day removal period. As noted, § 1446(b) requires that any notice of removal be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." As noted, Murphy Bros. clarified that the "official trigger" for the thirty-day period is formal service of process upon a defendant, and that proper service is determined by state law. 526 U.S. at 352-53. OKLA. STAT. tit. 36, § 622(B) states that "[p]rocess served upon the [Commissioner] and copy thereof forwarded . . . shall constitute service upon the insurer." Thus, by a plain reading of the statute, service – the trigger mechanism for the removal period – would have occurred September 16, 2010, the date that the Commissioner forwarded a copy of the petition and summons to CSC. See Dkt. # 12, at 4 n.2.

Neither state nor federal courts in Oklahoma have addressed the impact of this state law provision on the removal period under § 1446(b). Few states have a statutory agent mailbox rule

similar to Oklahoma's, and even fewer courts have addressed the question of how that rule impacts the thirty-day period for removal. See Pilot Trading Co. v. Hartford Ins. Group, No. CV-N-96-324-ECR(PHA), 946 F.Supp. 834, 837 (D. Nev. Nov. 22, 1996)(interpreting similar statute under Nevada law and noting that "there are at least six other states which have statutory agent/mailbox service laws similar to Nevada's," including Florida, Georgia, Kentucky, Minnesota, Mississippi, and Oklahoma).  In Pilot, the court engaged in an extensive discussion of the limited case law on this issue as well as the policy objectives behind removal.  Id.  It noted that although case law was somewhat conflicting, courts have more recently held that even where such a mailbox rule is provided by state statute, actual receipt of the complaint and summons is required for purposes of calculating the federal period of removal.  Id. at 837-838.  The Pilot court further reasoned that such an outcome was appropriate in light of the notice rationale behind service, the legislative history of § 1446(b), and concerns about allowing state procedural law to control federal removal jurisdiction.  Id. at 838-39.

The later decision in Murphy Bros. supports the Pilot court's conclusion.  Murphy Bros. did not address this precise issue.  However, it explained the passage of § 1446(b) as having been designed "[t]o ensure that the defendant would have access to the complaint before commencement of the removal period."  526 U.S. at 351.  In discussions about service on statutory agents, many courts have relied on Murphy Bros. for the proposition that the removal period is triggered only by actual service on the defendant.  See, e.g., Freedom Steel, Inc. v. Senn Freight Lines, Inc., No. 1:09-CV-2750, 2010 WL 395228, at * 4 (Jan. 26, 2010); Tucci v. Hartford Fin. Servs. Group, Inc., 600 F. Supp. 2d 630, 635 (D.N.J. 2009).  In Tucci, the court rejected the argument that Murphy Bros. elevated formal service over actual receipt.  600 F. Supp. 2d at 634.  In so holding, it considered Murphy Bros.'s review of the legislative history of § 1446(b), and its finding that Congress intended

10

the provision to give adequate time to defendants. Id. at 635. The Tucci court also found that considerations of uniformity and certainty weighed in favor of a rule requiring actual receipt by the defendant. Id. at 635-36. As it noted, "[i]t is the defendant's burden to prove that removal is proper[,] . . . [and] [i]t should be a simple matter for the defendant to show when he actually received the pleading." Id. at 635.

The weight of the case law suggests that it is actual receipt by the defendant that controls for purposes of § 1446(b), regardless of when a state deems service complete.[9] The Court agrees that a sensible interpretation of § 1446(b) requires that the removal period be triggered only upon receipt of the pleadings by the defendant or an agent designated by defendant. That section was designed to provide adequate time for defendants to exercise their rights to removal. See S. Rep. No. 712, at * 2 (noting need to amend the removal statute because the "existing 20-day period for filing a petition . . . is too short to permit the removal of many actions"). To hold that the removal period was triggered not by receipt of the petition and summons by CSC but rather by the mailing of those documents by the Commissioner would undermine that goal, as it would subject defendants to varying periods of removal based on the length of time it took for documents to travel from the

---

9    See, e.g., Haines v. Select Classic Carriers, Inc., 2009 WL 4255502, at * 1 (E.D. Ark. Nov. 24, 2009)("the weight of authority in district courts is that the 30-day statutory time limit for filing notice of removal begins to run when the foreign company actually receives the summons and complaint"); Renaissance Mktg., Inc. v. Monitronics Int'l, Inc., 606 F. Supp. 2d 201, 206 n.1 (D. P.R. 2009)(holding that "the thirty-day statutory period for removal runs from the day the defendant receives notice of summons and the complaint" and collecting cases holding same); Grello v. J.C. Penny Corp., Inc., No. 03 Civ. 8245(CSH), 2003 WL 22772397, at * 1 (S.D.N.Y. Nov. 21, 2003)("[t]he critical moment under 28 U.S.C. § 1446(b) is when a defendant receives the initial pleadings"); Weight v. Kawasaki Heavy Indus., Ltd., 597 F.Supp. 1082, 1084-85 (E.D. Va. 1984)("it is well settled that the time for seeking removal commences only when the defendant or an agent in fact receives the process"); 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Joan E. Steinman, Federal Practice and Procedure § 3731 (4th ed.2009)("it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service").

Commissioner to the party being served. Such an outcome would clearly contravene much of the reasoning in Murphy Bros. as well as the intent behind § 1446(b). Conditioning the beginning of the period for removal on actual receipt of the pleadings by the defendant or defendant's agent ensures that federal goals of notice and consistency are not sacrificed to state rules of procedure. Calculating the thirty-day removal period from the date of service on CSC, defendant's deadline for removal was October 18, 2010.[10] Under that analysis, defendant's notice of removal filed October 21, 2010 was untimely.

**D.**

However, although not raised by either party, two additional issues must be addressed that could impact a finding of untimeliness. First, a comment to Restatement (Third) of Agency § 5.02 states that "the effect of a notification may be delayed when the notification requires that the person notified take further action . . . [i]n such cases, notification given to an agent is not effective as to the principal prior to . . . a reasonable time for taking action." Rest. 3d. Agency § 5.02 (2006). The court in McAboy interpreted a similar provision in the Restatement (Second) of Agency[11] to mean that the law "contemplates a reasonable delay between agent knowledge and principal knowledge." 2005 WL 2898047, at * 2. Because the court found that a lapse of three business days between

---

[10] CSC received the summons and petition on September 17, 2010. Dkt. # 2. According to Rule 6(a), thirty days from that date was October 17, 2010. However, October 17, 2010 was a Sunday; therefore, pursuant to F.R.C.P. 6(a)(1)(C), the deadline for filing a notice of removal was October 18, 2010.

[11] The McAboy court relied for its holding on Restatement (Second) of Agency § 278 (1978), which states that "[t]he principal is affected by the knowledge which the agent has when acting for him or, if it is the duty of the agent to communicate the information and not otherwise to act, the principal is affected after the lapse of such time as is reasonable for its communication." That version of the Restatement has since been superseded by the Restatement (Third) of Agency (2006).

12

service on the agent and receipt by the principal was reasonable, it calculated the thirty-day period under § 1446(b) beginning with receipt of service by the principal. McAboy appears to be the only court to have applied this principle of agency to the time for removal under § 1446(b).

However, the principle is similar to the extension of time provided by Fed. R. Civ. Proc. 6(d), which allows for an addition of three days to a period in which a party must act after service where the party is served in one of four ways under Fed. R. Civ. Proc. 5(b)(2). The only other court to address the McAboy application of reasonable delay has read the extension of time as approximating the addition of time contemplated by Rule 6(d). See Glacier Water Co. LLC v. Earl, No. C08-1705RSL, 2009 WL 586128, at * 3 (W.D. Wash. March 5, 2009). If afforded a three-day extension under Rule 6(d), defendant's motion for removal would be timely, as the deadline would have been October 21, 2010, the day defendant filed its notice of removal. Therefore, it is necessary to determine whether defendant is entitled to an extension of the removal period under Rule 6(d) or general principles of agency.

Fed. R. Civ. Proc. 6(d) states that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire." The rule operates to extend deadlines triggered by service where that service is accomplished by means other than personal service. As previously established, however, the thirty-day removal period is not triggered by service, but rather by actual receipt of the pleadings. Thus, any concerns about a delay between service and receipt are addressed in the calculation of time under § 1446(b). For that reason, the majority of courts that have considered whether Rule 6(d) (or its predecessor Rule 6(e)) operates to extend the thirty-day removal period of § 1446(b) have answered in the negative. See, e.g., Knight v. J.I.T. Packaging, Inc., No.

4:08CV2545, 2008 WL 4981081, at * 2 (N.D. Ohio Nov. 24, 2008)(collecting cases). The Court similarly finds that application of any additional period of time under Rule 6(d) is unwarranted.

Nor is the Court persuaded by the reasoning of McAboy that principles of the agency relationship require an allowance for reasonable delay in transmission between agent and principal. As noted, the time limit set out in § 1446(b) is "imperative and mandatory, must be strictly complied with, and is to be narrowly construed." Carroll v. City of Albuquerque, No. CIV 10-0588 JB/ACT, 2010 WL 4339255, at * 4 (D.N.M. Oc.t 13, 2010). Strict construction of the removal statute is furthered by a refusal to supplement the statutory time limit for filing a notice of removal. Moreover, as noted, it was Illinois National's choice to have CSC receive service on its behalf. Defendant was equally at liberty to designate itself as the recipient of service, and it makes little sense to provide what would be in essence an extension of time to parties choosing to receive process through a third party.

For the reasons stated above, service received by CSC on behalf of Illinois National on September 17, 2010 triggered the thirty-day period in which defendant had the right to file a notice of removal. That removal period ended on October 18, 2010. Illinois National's notice of removal filed October 21, 2010 was untimely, and remand is warranted.

**E.**

Denny seeks an award of attorney fees incurred as a result of the removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award of such fees turns on the reasonableness of the removing party's actions. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While ultimately unsuccessful, defendant had a reasonable basis to remove; it

14

simply filed an untimely notice.  Thus, the Court finds that an award of fees in this case would not be appropriate.

**IT IS THEREFORE ORDERED** that the Motion to Remand Action to State Court and Initial Brief in Support (Dkt. # 12) is **granted** as to remand and **denied** as to an award of attorney fees.  The Court Clerk is directed to remand this case to the District Court of Tulsa County.

**DATED** this 13th day of December, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT